**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0227, <u>State of New Hampshire v. Rickie Shambo</u>, the court on April 29, 2016, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Rickie Shambo, appeals his convictions on five counts of forgery. He argues that the Superior Court (<u>Tucker</u>, J.) erred when it granted the State's motion <u>in</u> <u>limine</u>, which sought to preclude evidence of "the decision making by the bank concerning its responsibility to the victims." We affirm.

We review the trial court's decision under our unsustainable exercise of discretion standard. <u>See</u> <u>State v. Roy</u>, 167 N.H. 276, 284 (2015). To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. "In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made." <u>Id</u>. (quotation omitted).

The defendant contends that the trial court imposed an "absolute prohibition" on a "critical line of inquiry" by denying him "the opportunity to cross-examine" one of the victims about whether the bank from which the allegedly forged checks were drawn had reimbursed the parties' joint account. He does not raise this argument under either the State or Federal Constitutions.

The record does not support the defendant's characterization of the trial court's ruling. The transcript of the hearing on the State's motion <u>in</u> <u>limine</u> establishes that the trial court merely granted the State's motion, which, on its face, precluded only evidence regarding the bank's internal decision-making. The transcript also demonstrates that defense counsel agreed that it was proper to preclude such evidence. Although defense counsel and the trial court discussed potential questions that defense counsel might pose to the victims during his cross-examination of them, the trial court never "absolute[ly]" precluded those questions. After defense counsel indicated that, in fact, he had not yet prepared his cross-examination, the trial court granted the State's motion and encouraged defense counsel "to approach the bench and ask for reconsideration depending on what happens at trial." Defense counsel did not do so during his cross-examination of either victim. Because the record does not support the defendant's characterization of the trial court's ruling, and

because his appellate argument is premised upon that characterization, we reject his argument and affirm the trial court's decision.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
